UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VYACHESLAV RUMANTSEV,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:17-cv-2539-EFB<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 23. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I. Background

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging that he had been disabled since January 31, 2012. Administrative Record ("AR") 180-92. Plaintiff's applications were denied initially and upon reconsideration. *Id.* at 110-14, 120-125. A hearing was subsequently held before administrative law judge ("ALJ") Sara A. Gillis. *Id.* at 39-61.

1

Plaintiff was represented by a non-attorney representative at the hearing. *Id.* at 16, 39-61.

On June 30, 2017, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id*. at 16-24. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since January 31, 2012, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following medically determinable impairments: status post colon cancer in remission, mild peripheral neuropathy, history of anemia, resolved vasovagal

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

syncope, left shoulder disorder and low back pain (20 CFR 404.1522 *et seq*., and 416.922 *et seq*.).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 404.1522 *et seq*., and 416.922 *et seq*.).

\* \* \*

5. The claimant has not been under a disability, as defined in the Social Security Act, from January 31, 2012, through the date of this decision (20 CFR 404.1520(c) and 416.920(c)).

*Id.* at 18-24.

Plaintiff's request for Appeals Council review was denied on October 3, 2017, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

II. Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational

interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. Analysis

Plaintiff argues that the ALJ's finding that plaintiff does not have severe impairments is not supported by substantial evidence. ECF No. 13. Specifically, plaintiff argues that in denying his claim at step-two, the ALJ erred by (1) finding that his impairments did not meet the twelve-month duration requirement; (2) discounting the opinion from his treating doctor; (3) rejecting plaintiff's testimony and lay witness statements; and (4) finding that plaintiff did not have a medically determinable mental impairment. *Id*. at 7-12.

A. Relevant Legal Standards

"The step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were not taken into account. *Bowen v. Yuckert*, 482 U.S. 137 (1987). At step-two the claimant has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004-05 (9th Cir. 2005); *see also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). A severe impairment is one that "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p).

When the ALJ determines that a claimant has at least one severe impairment, she must consider all impairments, including non-severe impairments, at all subsequent steps of the sequential evaluation. *Smolen*, 80 F.3d at 1290; *see also Burch v. Barnhart*, 400 F.3d 676, 682-82 (9th Cir. 2005) (ALJ's failure to find claimant's obesity severe at step two was harmless error where it was considered in determining claimant's RFC).

B.     Discussion

The primary thrust of plaintiff's motion is that the ALJ improperly concluded that his colon cancer and neuropathy resulting from cancer treatment were non-severe. ECF No. 13 at 7-9.

The ALJ concluded that plaintiff's medically determinable impairments included status post colon cancer in remission, mild peripheral neuropathy, history of anemia, resolved vasovagal syncope, left shoulder disorder, and low back pain. AR 19. She ultimately determined, however, that these impairments were non-severe because they did not significantly limit plaintiff's ability to perform basic work activities for at least twelve months. *Id*. at 20-24. As noted by plaintiff, the ALJ's decision fails to clearly articulate the specific basis for its conclusion that each medically determinable impairment is non-severe. For example, the decision does not specify whether plaintiff's neuropathy caused no more than a slight effect on plaintiff's ability to work, or whether the impairment imposed limitations but for less than twelve months. Regardless, the ALJ's conclusion that plaintiff does not have a severe impairment is not supported by the record.

Plaintiff's medical records demonstrate that his cancer and residual neuropathy satisfy the twelve-month durational requirement. In August 2015, plaintiff presented to the emergency room with a light headache, weakness, fatigue, and blood in his stool. *Id*. at 302. After a colonoscopy revealed a large mass in the ascending colon, a biopsy confirmed plaintiff had stage III colon cancer. *Id*. at 302, 305. Plaintiff immediately underwent surgery to remove the tumor and part of his colon. *Id*. at 298-300, 305-06. The following month plaintiff was seen by oncologist Dr. Kyung Kim for further cancer treatment. *Id*. at 528-31. Dr. Kim recommended chemotherapy and informed plaintiff that its potential side effects included peripheral neuropathy. *Id*. at 529. Plaintiff subsequently underwent chemotherapy treatment from December 2015 through April 2016. *Id*. at 504-27. In May 2016, Dr. Kim noted that "overall [plaintiff] is doing fairly well."

/////
/////
/////
/////

*Id*. at 505. However, he also noted plaintiff was having issues with fatigue and neuropathy in his hands and feet. *Id*. at 504-05. Treatment records reflect that plaintiff continued to experience neuropathy through at least May 2017, which was treated with gabapentin.[2] *Id*. at 595-620.

Even if plaintiff's neuropathy is treated as separate and distinct from his cancer, the record nonetheless establishes that this impairment persisted from May 2016 through May 2017. *See id*. at 505 (May 2, 2016 treatment reflecting diagnosis of neuropathy) & 595-98 (May 15, 2017 medical record evidencing ongoing issues with neuropathy). Moreover, plaintiff's testimony shows that his neuropathy, despite being categorized as mild, included symptoms that would cause more than a minimal effect on plaintiff's ability to perform work activities. Plaintiff testified that he has numbness in his legs and hands, and shooting pain in his legs that have caused him to fall. *Id*. at 48-50. He also testified that he experiences pain in his feet after 15 minutes of walking, and has difficulty lifting due to shoulder pain. *Id*. at 50-51.

Although the ALJ concluded that plaintiff was not credible, and therefore did not accept the limitations described by plaintiff, the two reasons proffered for rejecting his subjective complaints were not clear and convincing. *See Diedrich v. Berryhill*, 874 F.3d 634, 641 (9th Cir. 2017) (once a plaintiff submits medical evidence of an impairment that could reasonably be expected to produce the alleged symptoms, "the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms.").

First, the ALJ concluded that plaintiff's credibility was undermined by his reported daily activities. In that regard, the ALJ wrote:

> Although the claimant's activities of daily living were somewhat limited, some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment and are inconsistent with the presence of an incapacitating or debilitating condition. The claimant indicated he performed personal grooming activities, prepared simple meals, went grocery shopping and occasionally took walks and attended church services. The claimant's ability to participate in such activities undermines the claimant's allegations of disabling functional limitations.

AR 21 (citations omitted).

---

[2] The record does not contain any medical evidence after May 2017.

6

The activities identified by the ALJ are quite limited and do not demonstrate an ability to work, much less the absence of a severe impairment. As one Appeals Court has observed:

> The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons ... and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

*Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *see Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."); *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) ("We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.").

The ALJ's remaining reason for discounted plaintiff's subjective complaints was that he did "not generally received the type of medical treatment one would expect for a totally disabled individual." AR 21. In making that finding, the ALJ observed that (1) after plaintiff was diagnosed with cancer his anemia was not severe enough to warrant further treatment, (2) medical records from March 2016 showed no neurological deficits or symptoms, and (3) an August 2016 treatment note reflecting plaintiff had only mild neuropathy, a normal gait, no motor or sensory dysfunction, and no cerebellar symptoms.

As a threshold matter, the ALJ's conclusion that treatment was not consistent with debilitating symptoms reflects a misunderstanding of plaintiff's burden at step-two of the sequential evaluation. To avoid a step-two denial, plaintiff only needed to demonstrate that he had a severe impairment—i.e., one having more than a minimal effect on the ability to do basic work activities—that lasted (or is expected to last) twelve months. *See Webb*, 433 F.3d at 686. Thus, whether plaintiff's level of treatment was inconsistent with *total disability* is not pertinent to the relevant inquiry.

7

The ALJ also failed to adequately explain the basis for her finding that plaintiff's treatment for each medically determinable impairment was inconsistent with his subjective complaint. To her credit, she pointed out that a November 2015 medical record noted that plaintiff's anemia did not necessitate further treatment. AR 21, 454. But she does not discuss the treatment for plaintiff's neuropathy, nor explain why such treatment was conservative. Instead, the ALJ only provided a summary of the objective medical findings from two treatment notes from March and August 2016. But whether plaintiff's subjective complaints were not supported by objective medical findings is a separate issue from whether his treatment was conservative.[3] *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of "conservative treatment" is "sufficient to discount a claimant's testimony regarding severity of an impairment."); *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (while an ALJ may not rely solely on a lack of objective medical evidence to support an adverse credibility finding, it is a relevant consideration in assessing credibility).

The absence of any meaningful discussion concerning plaintiff's treatment is troubling given the medical evidence in this case. Plaintiff underwent surgery immediately after being diagnosed with cancer, which was followed by six months of chemotherapy. Treatment records dated after completion of chemotherapy consistently show that plaintiff had neuropathy, which could reasonably cause plaintiff's described pain and symptoms. *Id*. at 598, 606, 613, 617, 620.

Thus, the ALJ improperly rejected plaintiff's subjective complaints regarding the limitations imposed by his neuropathy. Because the limitations described by plaintiff demonstrate more than slight limitation in his ability to perform work related activities, the ALJ's finding that plaintiff has no severe impairments is not supported by substantial evidence.

/////

---

[3] To the extent the ALJ reference to the March and August 2016 treatment records was intended to show that the alleged severity of plaintiff's limitations was not fully supported by objective medical findings, such an inconsistency could not serve as the sole basis for the ALJ's adverse credibility determination. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (holding that "subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence . . . ."); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (same).

Accordingly, the matter must be remanded for further consideration.[4]

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: March 25, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Because remand is necessary on this basis, the court declines to address plaintiff's additional arguments.